## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PATRICK KINCAID
1205 7th Street, NW
Apt 303
Washington, DC 20001

On behalf of himself and all others similarly
situated,

Plaintiff

    v.

**GOVERNMENT OF THE DISTRICT OF
COLUMBIA**
SERVE:
Mayor Muriel Bowser
Designee Darlene Fields
Civil Litigation Division, Ste 6000 South
441 4th Street, NW
Washington, DC 20001
202-724-6507

and

Attorney General Karl Racine
Designee Darlene Fields
Civil Litigation Division, Ste 6000 South
441 4th Street, NW
Washington, DC 20001
202-724-6507

Defendant.

Civil Action No.:

---

## CLASS ACTION

## COMPLAINT FOR JUDGMENT AND MONEY DAMAGES AND INJUNCTIVE RELIEF AND EQUITABLE RELIEF AND DECLARATORY RELIEF AND JURY DEMAND

### (§ 1983 Civil Rights Claims)

### Introduction

**1.**            Patrick Kincaid on behalf of himself and the Post & Forfeit Class (defined

below) bring this action against the Government of the District of Columbia (the "District") for

injuries suffered by them because of the MPD's practice during the Class Period[1] of charging

people fines for alleged violations of DC statutes and regulations (collateral offenses," defined

below) without providing them any "process" such as a hearing to determine whether the people

had actually violated the DC statutes and regulations.

**2.**            The practice injured Mr. Kincaid and the members of the Post & Forfeit

Class by depriving them of their liberty while their "post and forfeit" was being processed and it

also deprived them of the "post and forfeit" amount they had to pay.  It also left them with arrest

records which the District publically posts on CourtView, the Superior Court docketing system.

**3.**            The practice of funneling these questionable arrests into the "post and forfeit"

procedure also shielded the arrests from prosecutorial and judicial review because arrests resolved

through the "post and forfeit" procedure do not get referred to a prosecutor and never make it to

court.  Nor are such arrests tested by the adversarial system in which a prosecutor prosecutes a

case in open court before a judicial officer where the defendant has benefit of counsel.

**4.**            The practice allowed MPD officers to (among other things): (1) simply arrest

people they encountered while patrolling instead of counseling them or reasoning with them or

---

[1] The Class Period runs from December 15, 2007, the start of the Class Period in <u>Fox, et al. v.
Government of the District of Columbia, et al</u>, 10- 2118 (ABJ/JMF)(judgment entered as to Mr.
Fox's claims on 2/28/2014 [89]), until this case is terminated. Judge Kessler of this Court ruled
that tolling in the Fox case ended on February 15, 2013. <u>Scott v. District of Columbia</u>, 14-817
(GK) [27, p. 15]. But, although that holding is binding on the District and the individual <u>Scott</u>
plaintiffs it is not binding on the absent class members in the <u>Scott</u> and <u>Fox</u> cases because of the
one way intervention doctrine (District moved for a ruling on the merits prior to certification).

dealing with them in any accepted way, i.e., "policing" them; and (2) impose "time-outs" (arrests and brief detentions) on people who had committed no crime; and (3) "punish" people for perceived "offenses" to police authority (often called "contempt of cop") such as criticism of police misconduct conduct or questioning of illegal police commands by arresting them for charges which the MPD officers knew would not stand up to prosecutorial or judicial review and would result in dismissal the next "court" morning if referred to a prosecutor.

**5.**          Basically the practice allowed the MPD to briefly detain or jail people and to fine them without first giving all the process to which they were entitled.

**6.**          This case does not address the "post and *trial*" procedure as it is administered by the prosecutors of the Office of the Attorney General of the District of Columbia ("OAG") in open court before judicial officers pursuant to D.C. Code § 16-704 or D.C. Code § 23-1321(c)(1)(B)(xii)(release prior to trial).  In the "post and trial" procedure, a person arrested on a traffic offense or other minor offense, at arraignment or subsequent hearings, represented by counsel in hearings conducted by a judicial officer in open court, is given the option of not attending future court hearings and not contesting a judicial forfeiture of collateral posted in lieu of proceeding with the case.  See District of Columbia v. Baylor, et al., 125 The Daily Washington Law Reporter 1665 (Monday, August 25, 1997)(Goodbread, J.)(describing history and operation of the "post and *trial*" procedure in Superior Court as it is administered by prosecutors in open court before judicial officers where the arrestee is represented by defense counsel).

## Jurisdiction and Venue

**7.**          This Court has original jurisdiction over the § 1983 "post & forfeit" claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**8.**         This Court has supplemental jurisdiction over the "post & forfeit" common law claim pursuant to 28 U.S.C. § 1367.

**9.**         Venue is appropriate in this District.  Each of the claims for relief arose in this judicial district and all events described herein occurred in the District of Columbia.

## PARTIES

**10.**         Mr. Kincaid is an adult resident of the District of Columbia.

**11.**         The District is a municipal corporation capable of being sued under D.C. Code § 1-102.

**12.**         During all events described herein, all police officers referred to herein, named or unnamed, unless otherwise specified, were police officers of the District of Columbia Metropolitan Police Department acting within the scope of that employment, in furtherance of the interests of the District of Columbia, and under color of the statutes, ordinances, rules, customs, and usage of the District of Columbia.

## DETAILS OF MR. KINCAID'S ARREST, POST AND FORFEIT, AND RELEASE

**13.**         Mr. Kincaid's contact with MPD began about 3:00 pm on August 9, 2014 on O Street, NW between 6th and 7th Street.

**14.**         Mr. Kincaid was standing on the corner when an MPD police car rolled by and an MPD "jump out[2]" jumped out of the car, ran over to where Mr. Kincaid was standing, and picked up a cup near his feet.

---

[2]  A  "jump out" is a police officer (MPD or otherwise) who drives around the African American neighborhoods of the District and roars up to people, usually young black men, and then suddenly "jumps out" and engages the people for real or imagined offenses. It is a creature of the "broken windows" school of policing which encourages police to stop and frisk young men in the hopes of finding contraband, or warrants, and as a means of control and intimidation.

CLASS ACTION COMPLAINT • KINCAID V. DISTRICT OF COLUMBIA

**15.**         The "jump out" sniffed the cup and then placed Mr. Kincaid in handcuffs.

## At the Station

**16.**         The "jump out" then transported Mr. Kincaid Mr. Kincaid to the MPD's 3d District station house arriving there between 3:00 and 5:00 pm.

**17.**         Mr. Kincaid was placed in a holding cell with other persons.

**18.**         The officers charged Mr. Kincaid with the D.C. Code offense of "POCA," possession of an open container of alcohol.  D.C. Code § 25-1001(a)(1).

**19.**         MPD officers there told Mr. Kincaid Mr. Kincaid that he had two options: if he wanted to come home that night he would have to pay $25.00 to "post and forfeit."

**20.**         Mr. Kincaid had to pay $25 to "post and forfeit" for POCA.

**21.**         The other option was a night in lock-up followed by transport to Superior Court the next morning.

**22.**         The MPD officers did not offer citation release, posting collateral (without forfeiting), or release on the Detention Journal.

**23.**         Mr. Kincaid was entitled to post bail or collateral (without forfeiting) under D.C. Code § 23-1110(a).

**24.**         Kincaid was entitled to citation release under D.C. Code § 23-1110(b).

**25.**         Thus, being forced to choose between "post and forfeiting" and remaining in jail overnight for an offense he did not commit Mr. Kincaid "posted and forfeited" on "POCA – possession of an open container of alcohol," D.C. Code § 25-1001(a)(1), and paid the "post and forfeit" amount of $25.00.

**Steps the MPD followed in booking Mr. Kincaid when he elected the "post and forfeit" procedure**

**26.**          The only steps the MPD follows in booking a person electing the "post and forfeit" procedure is interviewing the arrestee, filling out a PD 163 (Arrest/ Prosecution form), filling out a PD 67 ("post and forfeit" form), checking databases for warrants or other holds, or reasons to decide the arrestee is a flight risk.

**27.**          At the point of signing the "post & forfeit" form, or within 15 minutes thereafter, all administrative steps incident to the arrest (such as booking, fingerprinting, identification and warrants checks) and release determinations, except non-discretionary ministerial acts, were completed.

**28.**          Once the necessary administrative steps incident to the arrest and the release determination were completed, Mr. Kincaid was eligible to be released because at that point the MPD had no legitimate reason to hold him and it had decided not to refer his case for prosecution.

**29.**          Nonetheless Mr. Kincaid was held at the station for several hours while officers processed his "post and forfeit."

## "STATION HOUSE RELEASES[3]" OF PERSONS ARRESTED BY THE MPD

**30.**          Pursuant to MPD GO 502.05, "The Use of the Detention Journal" ("Detention Journal release"), the MPD is authorized to release from the station houses arrested persons through the "post and forfeit" system, including persons whose arrests or charges are not supported by probable cause.

**31.**          The Fourth Amendment, which permits warrantless arrests only upon a finding of probable cause, requires release on the Detention Journal for an arrest not supported by probable cause.

**32.**          District of Columbia statutes (D.C. Code § 23-1110 (a) and (b)(2); D.C. Code § 16-704(a)) authorize the MPD to make two types of "station house" releases of arrestees whom the MPD intend to charge with offenses: (1) release on citation, if the arrestees meet certain criteria designed to screen out flight risks and persons who are a danger to the community; and (2) release on "bail or collateral."

**33.**          In fact, D.C. Code § 23-1110 (b) **requires** the MPD to offer citation release to qualifying persons.

**34.**          The MPD does release arrestees from the station houses via the "post & forfeit" release procedure authorized by D.C. Code § 5-335.01 under the circumstances described below.

---

[3] "Station house" release is release of an arrestee directly from an MPD district station or other MPD booking facility as opposed to transporting them to Superior Court for presentment and a release determination hearing or a "no-papering" decision which generally takes place the next day, or the day after that if the arrest is made on a Saturday.

CLASS ACTION COMPLAINT • KINCAID V. DISTRICT OF COLUMBIA

## THE "POST & FORFEIT" PROCEDURE

**35.**          In 2005 the Mayor and City Council enacted a statute ("post and forfeit" statute) ratifying and defining the "post and forfeit" procedure and setting some inadequate criteria for the implementation of the "post and forfeit" procedure.  D.C. Code § 5-335.01 (effective on April 13, 2005).

**36.**          The purpose of the "post and forfeit" procedure is to provide a way for the District to collect fines without having to provide prosecutorial review or process such as court supervised resolutions such as diversion or trials to people who have been charged with offenses.

**37.**          As explained below, with the "post and forfeit" procedure the District is purporting to set up a two track system for resolution of arrests for certain misdemeanor criminal offenses which carry fines and jail time known as "collateral offenses."

**38.**          The "post and forfeit" amount for various "collateral offenses" (offenses which can be resolved using the "post and forfeit" procedure) is set by the Board of Judges of the Superior Court.

**39.**          The "post and forfeit" amount is in essence a criminal fine.

**40.**          The "post and forfeit" procedure is administered solely by the MPD according to MPD general orders without prosecutorial or judicial oversight.

### How a person elects the "post and forfeit" procedure

**41.**          The MPD give a PD 67 form (Collateral/ Bond Receipt) to persons electing the "post and forfeit" procedure.

**42.**          The MPD does not provide arrestees with the elements of the offense they are charged with to review before electing the "post and forfeit" procedure.

**43.**         The MPD does not inform arrestees whether the MPD believes the arrestees' arrests or charges are supported by probable cause.

**44.**         The MPD does not provide arrestees with a copy of the PD 163 narrative setting out the facts the MPD contend provide probable cause or any other type of probable cause statement to review before electing the "post and forfeit" procedure.

## THE MPD FUNNELED ARRESTEES INTO THE "POST AND FORFEIT" PROCEDURE DURING THE CLASS PERIOD

**45.**         The District of Columbia, through the MPD, has a long history of using its coercive police powers and arresting people for any reason or no reason, and then taking the people to the station and funneling them into the "post and forfeit" procedure by giving them two choices: (1) "post and forfeit" for disorderly conduct or POCA or another "collateral offense;" or (2) spend a night or two in in the lock up or Central Cellblock awaiting transport to the Superior Court where their cases would be "no-papered" because the arrests were not supported by probable cause and the MPD did not follow up on the arrests.

**46.**         During the Class Period the District used its coercive police powers to detain or arrest people for "collateral offenses," in many cases whether or not they committed the offense, and even whether or not probable cause to support the arrest existed.

**47.**         For many, their only "option" was a night in jail and transport to the Superior Court for presentment or, more likely, no-papering.

**48.**         For others, the District gave them a ticket and a two week period in which to go to the police station to pay the fine or request a court date.

**49.**         Nobody knows how the MPD decided who must post and forfeit and who need not.

**50.**         The "post and forfeit" statute does not provide any criteria for deciding. D.C. Code § 5-335.01.

**51.**         The "post and forfeit" statute does not incorporate a fault determination requirement.

**52.**         Like the rain, post and forfeit fines fall on the just and the unjust alike, those arrested with probable cause and those arrested without, those who committed the offense and those who did not.

## ADMINISTRATIVE PROCEDURE TO RESOLVE MINOR CASES

**53.**         With the "post and forfeit" procedure the District is purporting to set up a two track system for resolution of arrests for certain misdemeanor criminal offenses which carry fines and jail time known as "collateral offenses."

**54.**         One track is the criminal justice system where the person's guilt or innocence is adjudicated in proceedings conducted by a judge with benefit of counsel and with the full panoply of constitutional and other procedural protections with punishment and costs imposed only upon conviction.

**55.**         The second track is resolution of the charges in an administrative proceeding where the greatest risk to the arrestee is imposition of a civil sanction.

**56.**　　　　　On a theoretical level, there is nothing inherently unconstitutional about providing two different types of proceedings to resolve a violation of a criminal statute, a judicial proceeding or an administrative proceeding, **providing both tracks satisfy due process.**

**57.**　　　　　However, both such proceedings must satisfy <u>due process</u> because a person is entitled to notice and a hearing that meets due process before the government deprives them of their liberty or property; merely providing one constitutional procedure and one unconstitutional procedure as the District does with the "post and forfeit" procedure does not satisfy due process.

**58.**　　　　　Therefore, once the **District** decided to offer arrestees an election between the judicial track and an administrative "post and forfeit" procedure, the District was obligated to make the administrative "post and forfeit" procedure comport with due process.

**59.**　　　　　But, the District's system has a fatal error.

**60.**　　　　　The "post and forfeit" administrative track procedure is unconstitutional because the participant has to pay their "post and forfeit" fine without any "process" at all.

**61.**　　　　　In the District, anyone wishing to challenge a parking ticket can go to the Adjudication Services branch of the DMV and demand an unscheduled hearing in front of a hearing examiner in which the owner can present their objections to the ticket. http://dmv.dc.gov/node/174782.

**62.**　　　　　Such a person may also challenge their ticket online by filing a short statement.

**63.**　　　　　Yet in the criminal context, the District's administrative post and forfeit procedure offers no process at all.

**64.**          The District did not (and still does not) give people who "post and forfeit" a hearing at which they can challenge their arrests or culpability and present their objections to imposition of the post and forfeit fines.

**65.**          The imposition of the fine depends solely on the facts found by the arresting officer in an <u>ex</u> <u>parte</u> process.

**66.**          The MPD does not even give a prosecution report or other document with a probable cause narrative to persons required to "post and forfeit."

## SUBSTANTIVE ALLEGATIONS FOR CLAIMS

### Claim 1

### § 1983 Liability of District of Columbia for failure to provide pre-deprivation notice required by the Fifth Amendment

**67.**          Mr. Kincaid adopt by reference the contents of the preceding paragraphs as if fully set forth herein.

**68.**          The due process clause requires a governmental agency to provide notice and a hearing to persons before depriving them of liberty or property.

**69.**          The District did not provide pre-deprivation notice meeting due process to Mr. Kincaid or the Post & Forfeit Class before detaining them and making them pay fines.

**70.**          The District's conduct violated the 5th Amendment due process rights of Mr. Kincaid and the Post & Forfeit Class.

**71.**          Accordingly, Mr. Kincaid and the Post & Forfeit Class are entitled to damages and other relief as set forth below.

### Claim 2

**§ 1983 Liability of District of Columbia for failure to provide a pre-deprivation process before imposing punitive detention and criminal fines as required by the Fifth Amendment**

**72.**          Mr. Kincaid adopt by reference the contents of the preceding paragraphs as if fully set forth herein.

**73.**          The due process clause guaranteed Mr. Kincaid and the Post & Forfeit Class either a trial conducted by a judicial officer with benefit of counsel before detaining them as punishment and making them pay criminal fines or some process to determine their liability to pay the "post and forfeit" fines before being assessed the post and forfeit fine.

**74.**          The District did not any process at all to Mr. Kincaid and the class members before depriving them of their property and liberty.

**75.**          The government—federal, state, or local—may not deprive a person of liberty or property without due process of law.

**76.**          Accordingly, Mr. Kincaid and the members of the Post & Forfeit Class are entitled to damages and other relief as set forth below.

Claim 3

**§ 1983 Liability of District of Columbia for Violations of Fourth Amendment by unreasonable seizures of persons and money**

**77.**          Mr. Kincaid adopt by reference the contents of the preceding paragraphs as if fully set forth herein.

**78.**          The Fourth Amendment prohibits the District from making unreasonable seizures of persons or property.

**79.**         The District seized Mr. Kincaid and the members of the Post & Forfeit Class and their money without probable cause and seized their "post and forfeit" amounts against their will.

**80.**         The District's policy and practice was the moving force behind the violation of Mr. Kincaid and the members of the Post & Forfeit Class's Fourth Amendment rights.

**81.**         Accordingly, Mr. Kincaid and the members of the Post & Forfeit Class are entitled to damages and other relief as set forth below.

## Claim 4

## § 1983 Liability of District of Columbia for Violations of Substantive Fifth Amendment Rights by imposing criminal fines on persons whose arrests were not supported by probable cause

**82.**             Mr. Kincaid adopt by reference the contents of the preceding paragraphs as if fully set forth herein.

**83.**             D.C. Code § 5-335.01 implements an officially adopted policy promulgated by the Mayor and the City Council.

**84.**             The MPD implemented the into the "post and forfeit" procedure" procedure during the Class Period by forcing persons charged with collateral offenses into the "post and forfeit" procedure.

**85.**             The "post and forfeit" amount is a criminal fine.

**86.**             The District of Columbia deprived them of that right without any basis.

**87.**             Moreover, the District's policy and practice of forcing persons such as Mr. Kincaid who are arrested without probable cause and then forced to "post and forfeit" on disorderly conduct bears no rationale relationship the District may have in preventing criminal conduct.

**88.**             The District's policy and practice was the moving force behind the violation of Mr. Kincaid's and the members of the Post & Forfeit Class's Fifth Amendment substantive due process rights.

**89.**             Accordingly, Mr. Kincaid and the members of the Post & Forfeit Class are entitled to damages and other relief as set forth below.

## Claim 5

## The "post and forfeit" procedure as implemented is void for vagueness

**90.**　　　　The preceding paragraphs are incorporated and restated as if stated fully herein.

**91.**　　　　The District of Columbia, through the MPD, maintained during the Class Period a policy, custom or practice of arresting persons without probable cause and then forcing the persons to "post and forfeit" on disorderly conduct or POCA or some other collateral offense by forcing them to choose between "post and forfeiting" or spending a night in jail followed by transport to Superior Court for "no-papering" of the charges because the MPD does not offer them any other form of station house release.

**92.**　　　　Under the Fifth Amendment the "post and forfeit" procedure is valid only if the post and forfeit charge is supported by probable cause regardless of whether the arrest was supported by some other charge.

**93.**　　　　The post and forfeit procedure results in a fine and a disposition that "terminates" the prosecution, resembling a plea more than an arrest, and so the principles underlying rules governing informations under Superior Court Crim. Rule Proc. 7(a) and (c) (requiring "plain, concise and definite written statement of the essential facts constituting the offense charged") must apply to the "post and forfeit" procedure so the accused knows what he is "post and forfeiting" on so, if other coercive and abusive factors were removed, for example in a "post and trial" context, he could make an intelligent and voluntary decision whether to post because different offenses have different elements and different consequences.

**94.**　　　　Construing the post and forfeit procedure to allow the MPD discretion to take post and forfeit amounts on a charge not supported by probable cause as the MPD with the

acquiescence of the Mayor and City Council did during the Class Period rendered the post and forfeit procedure void for vagueness and overbroad.

**95.**        Allowing the MPD to select any offense for the "post and forfeit" offense, even one not supported by probable cause, left the definition of the terms of the post and forfeit procedure (including not just "post and forfeiting" but also the charge "posted and forfeited" on) to the MPD and arresting and charging officers, and thereby invited arbitrary, discriminatory and overzealous enforcement.

**96.**        Allowing the MPD to arrest for one charge but to "offer" post and forfeit on another unconstitutionally allowed the MPD to "set" or "admit" to bail as opposed to taking bail pursuant to a schedule set by the Board of Judges by allowing them to select a charge (with a different bail or collateral amount) the arrestee did not commit and set collateral amounts in violation of D.C. Code § 23-1321(a) (judicial officer sets bail) and D.C. Code § 22-1110 and D.C. Code § 5-335.01(g) (MPD must use collateral amounts established by Board of Judges).

**97.**        Accordingly, Mr. Kincaid and the Post & Forfeit Class are entitled to damages and other relief as set forth below.

## Claim 6

### Liability of District of Columbia for common law Conversion

**98.**        The preceding paragraphs are incorporated and restated as if stated fully herein.

**99.**        The District is liable in conversion for illegally taking money from Mr. Kincaid and the members of the Post & Forfeit Class pursuant to the "post and forfeit" procedure during the Class Period.

**100.**         The District, through its agents, during the Class Period participated in (1) an

unlawful exercise, (2) of ownership, dominion, or control, (3) over the personal property of Mr.

Kincaid and the members of the Post & Forfeit Class, (4) in denial or repudiation of their rights

thereto.

**101.**         At all relevant times its agents were acting within the scope of their

employment pursuant to an official policy of the Mayor and the City Council.

**102.**         Accordingly, Mr. Kincaid and the Post & Forfeit Class are entitled to damages

and other relief as described below.

## RULE 23 ALLEGATIONS

**103.**         Mr. Kincaid on behalf of himself and the Post & Forfeit Class bring this

action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf

of a class consisting of each person who: (i) during the Class Period (ii) was in the custody of the

MPD; (iii) was released via the MPD's "post & forfeit" procedure; and (iv) was made to pay the

collateral amount pursuant to that release.

**104.**         Certification of this class under Federal Rule of Civil Procedure 23(b)(2) is

appropriate, because the District of Columbia has a policy, pattern, and practice for each claim

that has uniformly affected all members the class, and injunctive relief and declaratory judgment

and a judgment against the District will benefit each and every plaintiff and class member.

**105.**         The class is entitled to injunctive relief including restitution of the "post and

forfeit" amounts paid and sealing of their arrest records.

**106.**         The class is entitled to injunctive relief including enjoining the District from

implementing any provision of D.C. Code § 5-335.01.

**107.**          The class is entitled to other injunctive relief, for example, setting up an independent monitor to supervise the MPD's release system to ensure that all arrestees entitled to release under the Detention Journal or on citation or bond or collateral are offered those release options and to prevent the District from continuing to condition releases on non-refundable payments of money, and other relief as may be just.

**108.**          Mr. Kincaid and the class are entitled to declaratory judgment against the District that D.C. Code § 5-335.01 as implemented during the Class Period is unconstitutional.

**109.**          Certification of a class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

**110.**          The class is entitled to monetary relief.

**111.**          Regarding Mr. Kincaid and the Post & Forfeit Class, there are no individual questions on the issue of liability, because all members of the Post & Forfeit Class are injured by the same policy and practices.

**112.**          Among the questions of law and fact common to the classes are:

    **a.**     whether D.C. Code § 5-335.01 ("post and forfeit" procedure statute) on its face violates the Fourth Amendment;

    **b.**     whether D.C. Code § 5-335.01 as applied violates the Fourth Amendment;

    **c.**     whether D.C. Code § 5-335.01 on its face violates either substantive due process or procedural due process under the Fifth Amendment;

**d.** whether D.C. Code § 5-335.01 as applied violates either substantive due process or procedural due process under the Fifth Amendment;

**e.** whether during the Class Period the District had a policy and practice of forcing persons charged with collateral offenses especially disorderly conduct and POCA to elect the "post and forfeit" procedure;

**f.** whether D.C. Code § 22-1110 required MPD to offer qualifying arrestees citation release;

**g.** whether such practices, if found to exist, violate any of the Fourth or Fifth Amendments;

**h.** whether plaintiffs and the members of the classes and future members are entitled to equitable relief, and, if so, what is the nature of that relief;

**i.** whether determination of damages suffered by the class can be awarded by a jury setting a damages matrix the class provides the basis for determination of all class members' damages.

**j.** whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages.

**113.** The Post & Forfeit Class is so numerous that joinder of all members is impracticable. The exact number of Post & Forfeit Class members is unknown to plaintiffs at this time, but figures released by the District of Columbia concede that each year over the last 5 years approximately 5,000 people are released under the MPD administered post and forfeit program.

**114.** Mr. Kincaid's "post & forfeit" claim is typical of the claims of the other members of the Post & Forfeit Class, because Mr. Kincaid and all other members of the Post &

Forfeit Class were injured by exactly the same means, that is, by the District's "post & forfeit" release policy or practice.

**115.**     Mr. Kincaid on behalf of himself and the Post & Forfeit Class will fairly and adequately protect the interests of the members of the Post & Forfeit Class and has retained counsel who is competent and experienced in complex federal civil rights class action litigation.

**116.**     Mr. Kincaid on behalf of himself and Post & Forfeit Class have no interests that are contrary to or in conflict with those of the class or Post & Forfeit Class.

## CLASS RELIEF DEMANDS

Mr. Kincaid on behalf of himself and all other members of the Post & Forfeit Class respectfully request that this Court grant the following relief:

**A.**          Enter judgment in their favor on all of their claims;

**B.**          Declare the "post and forfeit" procedure under D.C. Code § 5-335.01 unconstitutional and enjoin the District from implementing any provision of D.C. Code § 5-335.01.

**C.**          Award Mr. Kincaid and the putative class members' nominal damages in connection with any declaration that D.C. Code § 5-335.01 is unconstitutional on its face.

**D.**          Grant a jury trial on all claims so triable.

**E.**          Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and certifying the Post & Forfeit Class, and designating Mr. Kincaid as the proper representative of the Post & Forfeit Class and appointing William Claiborne as class counsel.

**F.**          Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b) (2) and 23(b)(3).

**G.**          Award all Post & Forfeit Class plaintiffs and class members injunctive relief in the form of restitution of the "post and forfeit" amounts paid and sealing their arrest records;

**H.**          Award all plaintiffs and class members compensatory and consequential damages in an amount to be determined at trial;

**I.**          Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988 or as determined under the "common fund" rule; and

**J.**　　　　　　　Grant such other relief as this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for plaintiffs<br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email clairbornelaw@gmail.com | Respectfully submitted,<br><br>/s/ Lynn E. Cunningham<br>Lynn E. Cunningham, Esq.<br>DC Bar # 221598<br><br>Counsel for plaintiffs<br>306 Westview Drive,<br>Dubois, WY  82513<br>Phone:  307-431-4158<br>Email:  lcunningham@law.gwu.edu |

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.


/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff
and the Post & Forfeit Class