UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICK KINCAID, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 15-838 (JDB) |

# MEMORANDUM OPINION

The District of Columbia's Metropolitan Police Department (MPD) is authorized by statute to let arrestees "post and forfeit" an amount of money to speedily and finally resolve certain low-level criminal charges. Plaintiffs are four individuals who chose to resolve their charges in this manner but think that the post-and-forfeit procedure is unlawful in various ways. The challenges they raise, however, have already been roundly rejected in this Circuit, and with good reason. The Court will therefore dismiss their complaint in its entirety.

# BACKGROUND

The "post-and-forfeit" procedure challenged in this case is governed by D.C. Code § 5-335.01.[1] That provision defines the procedure as "the mechanism in the criminal justice system in the District of Columbia whereby a person charged with certain misdemeanor crimes may post and simultaneously forfeit an amount of money and thereby obtain a full and final resolution of the criminal charge." D.C. Code § 5-335.01(a)(3). In short, the MPD can offer certain misdemeanor arrestees the option of paying a modest sum to immediately resolve their criminal

---

[1] This provision was amended in certain minor respects in April 2015. The Court does not believe (and the parties have not suggested) that those changes have any substantive impact on the issues in this case. The Court will cite the updated version of the statute.

1

charges.  The amount to be forfeited varies depending on the charge and is determined by the District of Columbia Superior Court.[2]  Id. § 5-335.02(a).  "The resolution of a criminal charge using the post-and-forfeit procedure is not a conviction of a crime and shall not be equated to a criminal conviction."  Id. § 5-335.01(b).  And an arrestee's use of the procedure "may not be relied upon by any District of Columbia court or agency in a subsequent criminal, civil, or administrative proceeding or administrative action to impose any sanction, penalty, enhanced sentence, or civil disability."  Id.

The post-and-forfeit statute requires MPD to provide to the arrestee at the time of the offer a written notice explaining the procedure.  Id. § 5-335.01(d).  Among other things, the notice must inform the arrestee: of the amount of money to be posted and forfeited; that he has the right to choose whether to accept the post-and-forfeit offer or to proceed with the criminal case and a potential adjudication on the merits; and that the forfeiture becomes final ninety days after the arrestee signs the notice.  Id. § 5-335.01(e)(1), (2), (4).  Within those ninety days the arrestee may file a motion with the Superior Court to set aside the forfeiture and proceed with the criminal case.  Id. § 5-335.01(e)(4).

Plaintiffs here—whose factual allegations the Court will assume are true for present purposes—are four individuals who used the post-and-forfeit procedure.  Plaintiff Patrick Kincaid was arrested by MPD officers on August 9, 2014, and charged with possession of an open container of alcohol, an offense he maintains he did not commit.  Am. Compl. [ECF No. 12] ¶¶ 18–23, 30.  The officers told Kincaid he could post and forfeit $25 and be released that day; otherwise he would be taken to Superior Court the next morning.  Id. ¶¶ 24, 26.  Kincaid paid the $25 and was

---

[2] Though not part of the record in this case, the (apparently) most recent list of post-and-forfeit amounts for non-traffic offenses can be found on the Superior Court's website: http://www.dccourts.gov/internet/documents/NonTrafficOffenses-Collateral-1.pdf (last visited April 14, 2016).

released.  Id. ¶¶ 30, 34–35.  Plaintiff Rashad Bugg Bey was arrested on June 27, 2008, by MPD officers who said he matched the description of a robbery suspect.  Id. ¶ 36.  The officers later conceded that Bugg Bey was not the suspect, but nonetheless held him, claiming he had engaged in disorderly conduct.  Id. ¶¶ 38–39, 41.  They told Bugg Bey he could post and forfeit $35 and be released, and Bugg Bey accepted the offer.  Id. ¶¶ 39, 42.  Plaintiff Aster Tachebele was "ticketed" (but not arrested) on April 9, 2010, for selling cigarettes to a minor.  Id. ¶ 45; see also D.C. Code § 23-1110(b)(1) (2001) (authorizing MPD officers to "issue a citation" to certain misdemeanor arrestees "instead of taking [them] into custody").  Four days later Tachebele went to an MPD station and agreed to post and forfeit $100.  Am. Compl. ¶ 48.  Plaintiff Hardrick Crawford was stopped by MPD officers while driving on March 25, 2010, and charged with displaying expired tags.  Id. ¶ 53.  Later that day Crawford agreed to post and forfeit $100.  Id.  None of the four plaintiffs alleges that he or she asked the Superior Court to set aside the forfeiture and proceed with the criminal case.  See D.C. Code § 5-335.01(e)(4).

Kincaid, originally the sole plaintiff, filed this lawsuit against the Government of the District of Columbia (the District) on June 5, 2015.  Bugg Bey, Tachebele, and Crawford joined him in the amended complaint, filed on September 14, 2015.  Plaintiffs contend that the post-and-forfeit procedure violates the Fourth and Fifth Amendments of the Constitution in various ways and also amounts to the tort of conversion.  See Am. Compl. ¶¶ 106–44.  Plaintiffs also seek to represent a class of all those individuals who have used the post-and-forfeit procedure since 2008.  Id. ¶¶ 1 n.1, 145–58.  The District has moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citation omitted) (quoting Twombly, 550 U.S. at 555, 557).

**DISCUSSION**

The Court will dismiss the amended complaint in its entirety. The following explanation of why each of plaintiffs' claims fail will be brief. That is in part because many of plaintiffs' legal theories are patently devoid of merit. But it is in larger part because this is well-trodden ground. Judge Amy Berman Jackson has written several careful, lengthy opinions that examine and reject essentially the same challenges to the post-and-forfeit procedure that are raised here. See generally Fox v. District of Columbia ("Fox I"), 851 F. Supp. 2d 20 (D.D.C. 2012); Fox v. District of Columbia ("Fox II"), 923 F. Supp. 2d 302 (D.D.C. 2013); Hodges v. Gov't of District of Columbia, 975 F. Supp. 2d 33 (D.D.C. 2013). (Plaintiffs' counsel here was also counsel for the plaintiffs in Fox and Hodges.) This Court sees no need to reinvent the wheel, and so will keep its own discussion brief on those points Judge Jackson has already thoroughly analyzed.

The Court will look at each of plaintiffs' claims in turn, but first an overarching point: insofar as any of the claims depend on the premise that the post-and-forfeit procedure permits illegal arrests, the Court rejects those claims. Generally, an arrest is "unreasonable" and hence violates the Fourth Amendment "unless it is supported by probable cause." Michigan v. Summers, 452 U.S. 692, 700 (1981). Nothing in the post-and-forfeit procedure does—or could—authorize MPD officers to make arrests without probable cause. Cf. Almeida-Sanchez v. United States, 413 U.S. 266, 272 (1973) ("[N]o Act of Congress can authorize a violation of the Constitution."). This is not to say, of course, that MPD officers have never made arrests without probable cause, or that people wrongfully arrested without probable cause have never then used the post-and-forfeit procedure. But the fact that some people who post and forfeit have been arrested without probable cause does not indicate any constitutional infirmity in the post-and-forfeit procedure—it indicates a constitutional infirmity in the underlying arrest. An otherwise constitutionally valid post-arrest procedure—such as a jailhouse search protocol, see, e.g., Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 132 S. Ct. 1510 (2012)—is not itself rendered invalid by the fact that some individuals subjected to it were not lawfully arrested in the first place. The recourse for such individuals is obviously to sue those responsible for the wrongful arrest on the ground that the arrest itself violated their rights. See, e.g., Wesby v. District of Columbia, 841 F. Supp. 2d 20 (D.D.C. 2012), aff'd, 765 F.3d 13 (D.C. Cir. 2014). But plaintiffs' claims here focus primarily on the post-and-forfeit procedure itself, which—to repeat—in no way authorizes arrests without probable cause.

Plaintiffs' first two claims (which are fairly lumped together) assert that the post-and-forfeit procedure violates the procedural component of the Fifth Amendment's Due Process Clause. See Am. Compl. ¶¶ 106–16; Moses v. District of Columbia, 741 F. Supp. 2d 123, 126

5

(D.D.C. 2010) ("The Due Process Clause encompasses both a substantive and a procedural component."). In short, plaintiffs contend they were deprived of property without due process because the District did not give them an adequate notice or hearing "before making them pay fines." Am. Compl. ¶ 108. Plaintiffs are wrong; they received constitutionally adequate process. The District did not "make" plaintiffs pay anything without process. Plaintiffs chose to pay in lieu of contesting the charges through the normal criminal procedure. There is no suggestion that the normal procedure, even though it might entail an arrestee spending a night in jail, violates the Due Process Clause or any other provision of the Constitution. See County of Riverside v. McLaughlin, 500 U.S. 44, 55–57 (1991) (probable cause hearing within 48 hours of arrest is generally constitutionally adequate). If the normal arrest, detention, and adjudication procedures are perfectly constitutional, then giving arrestees the additional option of resolving the charges by paying a fine is not a deprivation of property without due process. (And because the procedure does not result in a criminal conviction and has no collateral consequences, it is not a deprivation of liberty.) The District cannot take any money from any arrestee who does not wish to pay it until it has given her the full criminal process. Moreover, any arrestee who pays but then decides she ought to have contested the charges can move the Superior Court to set the forfeiture aside and resume that full criminal process.[3] Procedural due process requires no more. See Fox I, 851 F. Supp. 2d at 23, 33–34; Hodges, 975 F. Supp. 2d at 51–52.

Plaintiffs also claim that use of the post-and-forfeit procedure deprived them of "Fifth Amendment substantive due process rights." Am. Compl. ¶ 128. This claim is plainly without merit. The substantive component of the Due Process Clause "protects individual liberty against

---

[3] Plaintiffs speculate in their opposition that the Superior Court might not, or perhaps cannot, grant such a motion. Pls.' Opp'n [ECF No. 15] at 20. But they provide no convincing reason to think this is so, nor any evidence that any arrestee who has attempted to employ this procedure has been unable to do so.

6

certain government actions regardless of the fairness of the procedures used to implement them." Washington v. Glucksberg, 521 U.S. 702, 719 (1997) (internal quotation marks omitted).  Thus, there are some types of conduct that the government cannot punish even if its adjudicatory procedures are flawless.  See, e.g., Lawrence v. Texas, 539 U.S. 558, 578 (2003) (private sexual conduct involving consenting adults cannot be criminalized).  But possession of an open container of alcohol, disorderly conduct, selling cigarettes to minors, and displaying expired vehicle tags are not among them.  The District is perfectly free under the Constitution to punish each of these acts, and it can certainly do so by fines of no more than $100.  And for the reasons already discussed, the availability of the post-and-forfeit procedure does not impugn the adequacy of the process by which the District punishes those acts.  See Fox I, 851 F. Supp. 2d at 30–33; Hodges, 975 F. Supp. 2d at 50–51.

Plaintiffs next claim that the District violated the Fourth Amendment by "seiz[ing] Named Plaintiffs . . . and their money without probable cause."  Am. Compl. ¶ 119.  This claim thus has two components: (1) a claim that plaintiffs themselves were seized without probable cause, and (2) a claim that plaintiffs' payment of the post-and-forfeit sum was an unreasonable seizure.  As the Court noted earlier, the first of these is in theory a viable claim under the Fourth Amendment.  But it is not viable here.  Even assuming plaintiffs have pled sufficient facts to show that they were arrested without probable cause, they have not sued the officers who did the arresting.  The only defendant here is the District, and the District can be held liable only if it maintained a "policy or custom" that caused the illegal arrests.  Los Angeles Cty. v. Humphries, 562 U.S. 29, 36 (2010) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)).  Plaintiffs do assert that the District maintained "a policy, custom or practice of arresting persons without probable cause," Am. Compl. ¶ 133, but they offer no factual allegations to support this contention.

The Court will not accept as true this "naked assertion[] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks omitted); see also, e.g., Martin v. District of Columbia, 720 F. Supp. 2d 19, 23 (D.D.C. 2010) (rejecting "conclusory" assertion of municipal custom or policy "unsupported by additional factual allegations").

That leaves just the second half of plaintiffs' Fourth Amendment claim: the claim that payment of the post-and-forfeit sum was an unreasonable seizure. This claim fails because the District did not "seize" the money; plaintiffs chose to pay it rather than contest their charges. Even if the payment could somehow be viewed as a seizure, it is a reasonable one in light of the procedural adequacy of the process and the process's value as a means of quickly resolving low-level criminal charges. See Fox II, 923 F. Supp. 2d at 306–09; Hodges, 975 F. Supp. 2d at 48–50.

Plaintiffs' next doomed claim is that the post-and-forfeit procedure is void for vagueness. Am. Compl. ¶¶ 130–39. The void-for-vagueness doctrine forbids the government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015). The post-and-forfeit procedure is not a "criminal law" that "punishes" any "conduct." Nor is it "enforced" against anyone. And plaintiffs cannot complain about the fact that MPD officers have discretion whether to permit an arrestee to post and forfeit. Such a complaint might make sense coming from an arrestee who was denied the opportunity to post and forfeit, but plaintiffs here all received the choice. See Hodges, 975 F. Supp. 2d at 52–53.

Finally, plaintiffs contend that the District's use of the post-and-forfeit procedure is tantamount to conversion. Am. Compl. ¶¶ 140–44. They say that the Court has supplemental jurisdiction to hear this state-law claim under 28 U.S.C. § 1367. Id. ¶ 13. True enough. But

8

because the Court has dismissed all of the federal claims, it will decline to exercise supplemental jurisdiction over this final claim.  See 28 U.S.C. § 1367(c)(3); Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 416–17 (D.C. Cir. 2014) (noting that district courts should normally decline to exercise supplemental jurisdiction when all federal claims have been dismissed).

## CONCLUSION

For the foregoing reasons, as well as those given by Judge Jackson in Fox I, Fox II, and Hodges, all of plaintiffs' claims fail as a matter of law.  The Court therefore has no need to address the District's additional contentions that Kincaid's conversion claim fails because he did not comply with D.C. Code § 12-309, and that Bugg Bey's, Tachebele's, and Crawford's claims are untimely.  If plaintiffs wish to amend their complaint, they must seek leave to do so within 14 days; otherwise the Court will enter a final order dismissing the action.  A separate order will issue today.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 14, 2016